Extracts from the record:
 Thomas Bradun vs. Peter Bauduy,
 Judgment D. S. B. confessed, April 3d, 1815, as of April term, 1815. Penalty or sum in narr. $40,000: Real debt $_________, interest from ____.
On this judgment a sci fa. issued against Peter Bauduy on the 27th October 1827, returnable to the October term, 1827, on which the sheriff returned "non est inventus." Another sci. fa. issued on the 11th March, 1828, returnable to the March term, 1828, against Peter Bauduy and terre-tenants; on which the sheriff returned "non est inventus" as to Peter Bauduy, made known to John Peter Garesche and others the terre-tenants. This sci. fa. did not recite the former one, nor refer to it.
 November 11th 1828, on motion, judgment. Real debt $6,996 91. Fi. fa.
No. 93, to Nov. term, 1829. Levied — Rule — Inquiry, c. Vend. Exponas No. 20 to Nov. term 1830. Sale made, c.
Assignment of errors:
First. For that the said judgment upon the said writ of scirefacias is erroneous in this, to wit, that it was rendered by default upon one return of nihil against the said plff. in error. Second. For that the said judgment upon the said sci fa.
appears to have been rendered by default at a different term from that at which the said scire facias was made returnable, and without any continuance of the said sci. fa. Third. For that final judgment was rendered against the said plff. in error instead of an interlocutory judgment on the writ of sci. fa. Fourth. For that the fi. fa. is erroneous being issued against the said plff. in error without the amount due the defendant in error being *Page 183 
ascertained by a writ of inquiry. Fifth. For that the execution process issued against the plff. in error is erroneous and void in this, to wit, that it issued upon an interlocutory judgment. Sixth. That judgment was rendered by default against the deft. on a return ofnihil upon a sci. fa. which was not an alias and has no reference to the sci. fa. upon which non est was returned, and is also awarded against other persons as well as the deft.
J. A. Bayard, for plaintiff in error.
At the return term of the second sci. fa., there being no appearance and no judgment taken then, the cause was out of courts and judgment could not be taken the next term. There could be no continuance. The party taking judgment by default must be technically correct. He should have either taken judgment at the March term 1828, or have, taken out a third sci. fa. returnable to the November term. If there be no appearance there can be no continuance. Second. Where a party chooses to substitute two nihils for a service the sci. fa's. must be connected, an original and an alias, the second referring to the first. Here is no such reference. Moreover the first sci. fa. is against Peter Bauduy alone, the second is against Peter Bauduy andterre-tenants. The first therefore will not support the second. An alias must be sued out commanding the sheriff to summon the deft. as he has heretofore been commanded. Two nihils are equal to a scire feci. 2 Wms, Saund. 72, s.; Yelv. 88; 2 Tidd
1038, See Tidd's forms. There being no connection between these writs of sci. fa. they do not warrant the judgment. Third. After taking judgment on the second sci. fa. the party showed upon the record that this was not a money bond, but a bond with a collateral condition; and he undertook to ascertain the amount on the sci. fa. without a writ of inquiry. We hold that this is totally irregular, even if the judgment was right, as the amount could not be ascertained by the party himself, but only by a jury on a writ of inquiry.
Wales, for the Bank.
The mistake on the other side arises from taking an erroneous view of this judgment. What was the nature of the original judgment? Is it a final judgment in debt? or a judgment sounding only in damages, of an unascertained amount on which a writ of inquiry is necessary? Undoubtedly it is a final judgment; for a sum certain; a judgment in debt. The judgment on the sci. fa. follows its nature — it is merely that execution issue, c.
Judgment confessed on a warrant of attorney is a final judgment; 1Sellon's Pr. 381. not within the statute 8 9Wm. requiring a suggestion of breaches. 1 Tidd 508, 511. Excepted out of our own statute. (Dig. 78, sec. 3.) On a judgment confessed on bond with collateral condition an execution may issue. 3 Taunt 94. It does not appear by the record that this judgment was on a bond with a collateral condition; and where the objections are strictly technical the court will not make such an inference. Irregularity in the process cannot be taken advantage of on writ of error. There was full remedy below by a motion to the court. 8Johns. Rep. 61. No case can be found whereon a judgment by confession the defendant could insist on a writ of inquiry. There are cases, as these in 2nd Saund. 187, *Page 184 
where the plff. may, at his option, sue out execution on a writ of inquiry where he goes for interest by way of damages de incremento; but there is no case establishing that the deft. can compel him to take the writ of inquiry. He is entitled to execution if he choose it. 7 Durnford East 446.
Second. The next question is whether the judgment on the sci. fa. is regular. The rule of the English courts is correctly stated that two nihils are equal to a scire feci. 2 Saund. 72, s. Yet this rule is not uniform; in the common pleas one nihil is sufficient; and the practice in both courts is not to take out either of the writs but merely to make formal entries of the returns of nihil. 2 Sellon
196. Does the fact that the second writ included the terre-tenants with the deft. make any difference? As relates to Bauduy there are two returns of nihil, and he can set up no objection to the proceedings against the terre-tenants. But it is contended that this second writ is not an alias. The books speak indifferently of an alias sci. fa. and of a second sci. fa. The word alias simply means another; the insertion of it is not absolutely necessary, and if omitted it was amendable at common law; (1 Bac. Abr. 146) by the statute of jeo-fails, (Id. 153) and undoubtedly by our own act of assembly (8 vol. 43.) it is sufficient if the records of the court show that there are two consecutive sci. fa's. to following terms, whether they be entitled alias or not. If there be an omission it is clearly a misprision of the clerk and amendable by the statute jeo-fails: 32Hen. 8: which will also cover the objection that judgment was not taken at the return term of the sci. fa. The plff is in court, and has a day to sign judgment and he may do it within the year and day.
J. M. Clayton, on the same side.
If this judgment is now to be reversed at the instance of the deft. he will take advantage of his own wrong. He might have moved the court below to set it aside; but he has chosen to lay by, let execution go, the land be sold, money distributed and rights vested. The court will not now regard mere technical objections with favor. Even the want of a writ of inquiry is aided by statute jeo-fails. 2 Strange 878; 1 Tidd. 525. Nothing is clearer than that the want of a continuance is aided by our act of assembly. 8 vol. 43. It has never been known in the practice of this state for a writ of inquiry to issue on a judgment confessed on a warrant of attorney. The nature of the action is debt. The judgment is in debt; and the sci. fa. is merely a continuance of the same action. In the case of Green
and Millechop in this state the question arose whether execution could issue on a judgment upon a bond with a collateral condition. The court refused to set aside the execution. It was not contended in that case that a writ of inquiry was necessary; but that a sci. fa. should have issued suggesting breaches. The statute Wm. does not extend to a judgment on confession. The English books say "it seems;" but here there is no doubt, for it is so settled by our act of assembly.Dig. 78. Then why should we assign breaches? The sci. fa. cannot assign breaches without departing from the original judgment; it is merely a continuation of that judgment, and must follow it. But this point has not been urged here, though relied on in the case referred to. As to the continuances.; they are cured in our act of assembly. After default the continuance *Page 185 
is only by dies datus to the plff. for the deft. is not in court. The plff. may take judgment at any time within the year and day. 5 Com. Dig. Pleader v. 1. 2. The court may amend a sci. fa. when before them; being a judicial writ it is amendable. 8 Del.L. 43. 6 Bac. 120. We have a judgment on two nihils against Bauduy, and a judgment against the terre-tenants. We shall not now consider the effect of the latter judgment; though, if it were necessary, we should contend that it would warrant the subsequent proceedings; but there is no error in relation to the judgment against Bauduy, and we need not examine the effect of the other.
Frame, in reply, for plaintiff in error.
First. Is the entry of a judgment at a different term from that to which the sci. fa. was returnable regular? We don't say that there has been a discontinuance; strictly speaking that could not be where the deft. is not in court. But the question is whether the process is followed up; whether the judgment is on the process. The sci. fa. is returnable to March term. Now we don't complain that the case was not continued until the November term, but that no judgment was taken at the March term. After that the plff. was not entitled to a judgment, for even he was not in court. What kept him in court until another term? There could be no continuance for want of parties. His process entitled him to judgment at March term but not after. Then how can this judgment be cured by the statute of jeo-fails, or our act of assembly? This is not mere form — but substance. It goes to the existence of the judgment. The objection is that the judgment was rendered on a state of proceedings not authorizing any judgment; it is a judgment without any party in court either plff. or deft.; without any cause or proceedings on which a judgment could be rendered. There is nothing to amend such a judgment by. It seems by the authorities cited that there is a difference in the practice on this subject in the King's Bench and Common Pleas. The practice of the King's Bench has been more generally adopted in this state; and, in reference to this question, the practice of that court is reasonable. If then two sci. fa.'s be necessary, they must be connected; they must relate to each other, the second following up the first: and they must surely be each against the same defendant. Here the second sci. fa. not only does not allude to the first; but is against other persons as well as the deft in the first. We have not contended that a bond conditioned for the payment of money with a warrant of attorney to confess judgment falls within the statute of Wm. requiring a suggestion of breaches. The cases in 8 Johnson and in Taunton are cases of bonds conditioned for the payment of a sum certain. But the position taken on the other side is general, that in no case of a warrant of attorney can the judgment fall within the statute Wm. or our own act of assembly; going even to the case where the condition is to perform a collateral act; to indemnify or to pay uncertain damages. Surety such a case must be within the statute.
Mr. Wales now cited 2 Bos. Pul. 445-6. that final judgment may be signed on a bail bond without a writ of inquiry; to which,
Mr. Bayard replied, that the judgment on a bail bond was for a sum certain. *Page 186 
 The Court entered the following decree:
"And now, to wit, this eighth day of June, in the year of our Lord one thousand eight hundred and thirty-three, this cause coining on to be heard in the presence of counsel on both sides, learned in the law; and the record and proceedings of the court below, and the errors assigned, having been seen and considered, It is ordered, adjudged and decreed by the court here that the judgment of the late Supreme Court be in all things affirmed; and that the plaintiff in Error pay the costs of this appeal, and that the record be remanded to the court below."